IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KY HOME & GARDEN, LLC, | § § § | |
| Plaintiff | § § | |
| versus | § § | |
| AMI VENTURES, INC., *dba* Extremely Reliable; Dealtz.com; Virventures.com; SportsDealbox.com; Petocart.com; Toytooth.com; Shopshiphappy.com; Zabiva.com; Slickmedicalequipment.com; Lightsdaddy.com; Selectfurniturestore.com; Ergodebooks.com; Ergodebooks; AMITCJ; Ergode; Zabiva; Ami Ventures; Ergode2016; AmiVentures 54; Fast Media; Carkart.com; Ergode.com; Virventures Inc. | § § § § § § § § § § § § | Civil Action No. 4:20-cv-3382  JURY DEMAND |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, KY HOME & GARDEN, LLC, a California company, hereby sues Defendant AMI VENTURES, INC., a Texas Corporation, and alleges as follows:

### THE PARTIES

1. Plaintiff Ky Home & Garden, LLC is a limited liability company organized under the laws of California with a place of business at 6100 Mack Rd. #300. Sacramento, CA 95823.

2. Defendant Ami Ventures, Inc., *dba* Extremely Reliable; Dealtz.com; Virventures.com; SportsDealbox.com; Petocart.com; Toytooth.com; Shopshiphappy.com; Zabiva.com; Slickmedicalequipment.com; Lightsdaddy.com; Selectfurniturestore.com; Ergodebooks.com; Ergodebooks; AMITCJ; Ergode; Zabiva; Ami Ventures; Ergode2016; AmiVentures 54; Fast

Media; Carkart.com; Ergode.com; and Virventures Inc, is a corporation organized under the laws of Texas with a place of business in Richmond Texas. Defendant may be served with citation at 19830 FM 1093, Suite 1301 Richmond, TX 77407.

## Jurisdiction and Venue

3. This is an action for trademark infringement and unfair competition arising under the 15 U.S.C. §§ 1114 and 1125 and trademark infringement and unfair competition under Texas common law. Accordingly, this Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, and 1338. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since the Defendant conducts business in this Judicial District and a substantial portion of the events or omissions giving rise to this action occurred in this Judicial District.

## Common Facts

5. Plaintiff owns the following United States federal trademark ("the Mark"):

| | |
|---|---|
| **Mark:** | WEIGHTMAX |
| **Class/Goods:** | 001 – Fertilizers |
| **Reg. No.:** | 4,536,072 |
| **Reg. Date:** | May 27, 2014 |

a copy of which is attached hereto as Exhibit A.

6. The United States Patent and Trademark Office (USPTO) has accepted Plaintiff's declaration that the Mark is incontestable.

7. Plaintiff has used the Mark in interstate commerce to identify and distinguish fertilizer products since before any date upon which Defendant can rely.

8. Plaintiff has expended substantial time and money developing, advertising and promoting the Mark.

9. Plaintiff has never abandoned the Mark and has carefully monitored and policed the use of the Mark.

10. The Mark has never been assigned or licensed to the Defendant for any purpose.

11. Defendant has advertised, promoted, manufactured, distributed, sold, and/or derived financial benefit from the sale of fertilizer product(s) bearing the Mark.

12. Representative listings of how the Parties have used the Mark in US commerce is as follows [*see* Exhibit B]:

| AMI Ventures, Inc. | KY Home & Garden, LLC |
|---|---|
|  |  |
| https://www.walmart.com/ip/weight-max-5-58-17-2-5-kg/545165171 *(last accessed Sept. 29, 2020)* | https://www.kygardensupplies.com/wm-plant-food/weightmax-5-58-17-11-lbs-free-shipping.html |

13. Defendant has adopted not only the WeightMax Mark itself, but also the look and feel of the Mark via the use of identical or nearly identical font, spacing, color, design, and imagery.

14. Defendant further associates its use of the Mark with the federal registration ® symbol despite Plaintiff's exclusive rights to use that symbol.

15. Since 2016 Defendant is specifically known known among consumers for delivering products that were different than as advertised, and generally for its poor customer service. [*See* Exhibit C].

16. Since August 18, 2020, Plaintiff has provided multiple notices and opportunities to Defendant demanding that it refrain from using the Mark, yet as of the filing date of this Complaint Defendant has not fully complied with Plaintiff's demands. [*See* Exhibit D].

17. Upon information and belief, at all times relevant hereto, Defendant had full knowledge of Plaintiff's prior use and ownership of the Mark, including its exclusive right to use and license the Mark and the goodwill associated therewith.

18. Defendant has acted with actual or constructive knowledge of Plaintiff's Mark and registration, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to Plaintiff's rights.

19. Defendant has made and will continue to make substantial profits and/or gains to which it is not entitled.

20. Defendant has damaged, or is likely to damage, Plaintiff's reputation or goodwill in the Mark.

21. By reason of the foregoing, Plaintiff has been and will continue to be harmed and damaged by Defendant's actions.

### Causes of Action

#### Count I
#### Trademark Infringement and Counterfeiting
#### [15 U.S.C. § 1114]

22. Plaintiff hereby adopts and re-alleges all of the above allegations.

23.     Plaintiff has a protectable interest in the Mark.

24.     Defendant has reproduced, counterfeited, copied, or colorably imitated Plaintiff's registered Mark in connection with the sale, offering for sale, distribution, or advertising of fertilizer products.

25.     Defendant has applied reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered Mark to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of fertilizers products.

26.     Defendant's use of the mark in connection with fertilizer products is likely to cause confusion, mistake, or deception among consumers, the public, or the trade as to whether Defendant's products or services are affiliated with, sponsored by, or endorsed by Plaintiff.

27.     Defendant's actions, as set forth, constitute infringement of Plaintiff's trademark registration in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
## UNFAIR COMPETITION
## [15 U.S.C. § 1125(a)]

28.     Plaintiff hereby adopts and re-alleges all of the above allegations.

29.     Defendant's use of Plaintiff's Mark in connection with fertilizer products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

30.     Defendant's actions, as set forth, constitute false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

31. Defendant's commercial advertising or promotion of Plaintiff's Mark misrepresents the nature, characteristics, qualities, or geographic origin of the Defendant's fertilizer products or commercial activities.

32. Defendant's actions, as set forth, constitute false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## Count III
## Texas Common Law Trademark Infringement

33. Plaintiff hereby adopts and re-alleges all of the above allegations.

34. Plaintiff's ownership rights in the Mark are legally protectable.

35. Defendant used the Mark in commerce, involving the advertisement or sale of goods, without Plaintiff's consent.

36. Defendant's use of the Mark causes a likelihood of confusion.

37. Defendant's actions, as set forth, constitute trademark infringement pursuant to Texas common law.

## Count IV
## Texas Common Law Unfair Competition

38. Plaintiff hereby adopts and re-alleges all of the above allegations.

39. Plaintiff has created goodwill in the Mark in association with fertilizer products through extensive time, labor, skill, and money.

40. Defendant sells fertilizer products in competition with Plaintiff and has used Plaintiff's Mark to gain a special advantage in that competition because the Defendant is burdened with little or none of the expense incurred by the Plaintiff.

41. Plaintiff has incurred commercial damage due to Defendant's actions as set forth herein.

42. Defendant's actions, as set forth, constitute the misappropriation of Plaintiff's unique pecuniary interest in its mark and is thus unfair competition pursuant to Texas common law.

43. Defendant is passing off its fertilizer products as those of the Plaintiff by virtue of a substantial similarity between the two.

44. Defendant's actions will likely lead to confusion on the part of the Parties' potential customers.

45. Defendant's actions, as set forth, comprises passing off and is thus unfair competition pursuant to Texas common law.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. That the Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting in concert or privity with Defendants, be permanently enjoined from: (1) using the Mark, or any similar variations thereof; (2) using any trademark that imitates or is confusingly similar to the Mark, or is likely to cause confusion, mistake, deception, or public misunderstanding as to the origins of Plaintiff's goods or their relatedness to Defendants; and (3) engaging in trademark infringement, unfair competition, false designation of origin, or other activities that misappropriate Plaintiff's trademark rights.

B. That Defendant be ordered to deliver up for destruction all fertilizer products, containers, labels, signs, packaging, advertising, promotional material or the like in the possession, custody or control of the Defendants bearing a trademark found to infringe Plaintiff's trademark rights, as well as all means of making same.

C. That Defendant be ordered to pay damages, including but not limited to Defendant's profits, and those damages be trebled under 15 U.S.C. § 1117.

D. That Defendant be compelled to account to Plaintiff for any and all profits derived from its illegal acts complained of herein under 15 U.S.C. § 1117.

E. That Defendant be ordered to pay Plaintiff's costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

F. Awarding such other relief as the Court may deem just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 30th day of September, 2020.

Respectfully Submitted,

**Leavitt Eldredge Law Firm**

  /Brandon J. Leavitt/          
Brandon James Leavitt
Tx Bar No. 24078841

4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107

(214) 727-2055
brandon@uslawpros.com

**Attorneys for Plaintiff**