UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
<u>CIVIL MINUTES—GENERAL</u>

| | | | |
|---|---|---|---|
| **Case No.** | CV 21-8002-MWF (MARx) | **Date:** | August 1, 2023 |
| **Title:** | KY Home & Garden, LLC v. Am. Seechange, Inc., et al. | | |

**Present:** <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FOUR ELEMENTS GROW SUPPLY, LLC [216]

Before the Court is Plaintiff KY Home & Garden, LLC's Motion for Default Judgment Against Defendant Four Elements Grow Supply, LLC ("Four Elements"), filed on July 7, 2023 (the "Motion"). (Docket No. 216). Defendant did not file an Opposition.

The Motion was noticed to be heard on **August 7, 2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **DENIED** *without prejudice*. While Plaintiff has satisfied all procedural requirements, Plaintiff has not sufficiently stated a claim for relief and therefore, the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), do not weigh in favor of granting default judgment.

**I.   BACKGROUND**

Plaintiff commenced this action on September 30, 2020, in the United States District Court for the Southern District of Texas. (*See* Docket No. 1). On October 8, 2021, the case was transferred to the Central District of California. (*See* Docket No. 84). On June 10, 2022, Plaintiff filed the Fourth Amended Complaint which, among

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8002-MWF (MARx) | Date: | August 1, 2023 |
| Title: | KY Home & Garden, LLC v. Am. Seechange, Inc., et al. | | |

other things, added Four Elements Grow Supply, LLC as a named Defendant. (*Compare* Fourth Amended Complaint (Docket No. 117) at 1–2 *with* Third Amended Complaint (Docket No. 48) at 1). The Fourth Amended Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Plaintiff is a California limited liability company that owns the "WeightMax" United States federal trademark with registration number 4,536,072 and common law trademark rights for images of plants in various shades of purple, blue, tan, yellow, and pink, with pink, tan, and yellow backgrounds (collectively "Plaintiff's Marks"). (Fourth Amended Complaint ¶¶ 1, 20–21). Plaintiff uses the Marks in interstate commerce to identify and distinguish fertilizer products. (*Id.* ¶ 22).

Defendant Four Elements is an Oklahoma entity who can be served at 7030 S. Yale Ave, Suite 104, Tulsa OK 74136. (*Id.* ¶ 14). On Plaintiff's information and belief, Defendant has "advertised, promoted, manufactured, distributed, sold, and/or derived financial benefit from the sale of fertilizer product(s) bearing [Plaintiff's] Marks." (*Id.* ¶ 99). While Plaintiff has not given Defendant permission to use Plaintiff's Marks, Defendant has "used nearly identical counterfeit(s) . . . including use of the federal ® symbol to denote registration." (*Id.* ¶¶ 100–01).

In the Motion, Plaintiff alleges that it hired a private investigator who went to Defendant's storefront on April 8, 2022, to "confirm [Defendant's] illegal sale of Weighmax [sic] fertilizer." (Motion ¶ 13). The private investigator took photographs of "multiple counterfeit Weightmax fertilizer buckets" for sale at Defendant's store and confirmed with a store clerk that Defendant was selling 25-pound buckets of Weightmax fertilizer for $475. (*Id.* ¶ 13–14). At the time, Defendant was not authorized to sell Weightmax or use Plaintiff's trademark. (*Id.* ¶ 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 21-8002-MWF (MARx)     **Date:** August 1, 2023
**Title:**     KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

On April 6, 2023, Defendant filed an Answer to the Fourth Amended Complaint. (Answer (Docket No. 174)). John Perez, the owner of Defendant, signed the Answer, indicating that Defendant was not represented by an attorney in this matter. (*Id.* at 6). On April 10, 2023, the Court issued an Order to Show Cause ("OSC") requiring Defendant to demonstrate why it should not be required to retain counsel since it is an entity rather than an individual. (OSC (Docket No. 175) at 2). After Defendant failed to respond to the OSC, the Court, on May 22, 2023, struck Defendant's Answer and directed Plaintiff to file a Request for Clerk to Enter Default. (Order Striking Answer (Docket No. 183) at 1). Plaintiff filed an Application for Entry of Default that same day. (Docket No. 184). The Clerk then entered Default on May 25, 2023. (Default by Clerk (Docket No. 185)).

Defendant has not filed any documents since the stricken Answer on April 6, 2023, and no attorney has filed an appearance on behalf of Defendant.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).

The decision of whether to enter default judgment is within the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one"). To determine whether a default judgment is appropriate, courts assess whether a plaintiff has met both procedural and substantive requirements.

### A. Procedural Requirements

Having reviewed the filings in this action, the Court is satisfied that Plaintiff has met all the procedural requirements for obtaining a default judgment against Defendant.

The Court notes that Plaintiff cites docket number 165 to support the proposition that Defendant Four Elements had been served with copies of the summons and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 21-8002-MWF (MARx)       **Date:** August 1, 2023

**Title:**     KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

complaint; however, that docket entry is a Proof of Service upon a different defendant. (*See* Motion ¶ 50 (citing Proof of Service Upon Defendant Cultiva Group (Docket No. 165))).

Plaintiff filed a Proof of Service as to Defendant Four Elements on March 15, 2023. (*See* Proof of Service (Docket No. 155)). That document was subsequently stricken by the Court for failure to adhere to the local filing requirement mandating a title page. (Docket Nos. 158–59). Plaintiff then refiled a Corrected Proof of Service as to Defendant Four Elements on March 20, 2023, which attached a U.S. Postal Service Certified Mail Receipt bearing the signature of Pierce Burnes. (*See* Corrected Proof of Service (Docket No. 161) at 2). The Certified Mail Receipt indicates that a parcel was sent to Defendant Four Elements Grow Supply, LLC at 7030 S. Yale Ave, Suite 104, Tulsa, OK 74136 and received by Mr. Burnes on March 9, 2023. (*Id.*). However, the Corrected Proof of Service does ***not*** indicate what documents were included in the parcel or who Mr. Burnes was in relation to Defendant.

Corporations may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed R. Civ. Pro. 4(h)(1)(A). Rule 4(e)(1) allows for service to be made in accordance with the state laws regarding service of the state where the court is located or where service is made.

California Code of Civil Procedure section 415.20(a) governs service here because Defendant is a corporation. (*See* Fourth Amended Complaint ¶ 14). Section 415.20(a) says "a summons may be served by leaving a copy of the summons and complaint during usual office hours . . . with the person who is apparently in charge thereof." Cal. Code Civ. Pro. § 415.20(a). The Corrected Proof of Service does not indicate that copies of the summons and complaint were left at the listed address during usual office hours, nor that they were left with a person who seemed to be in charge. Instead, the Correct Proof of Service only shows that something was sent to the address via Certified Mail and received by Mr. Burnes. (Corrected Proof of Service at 2). This does not satisfy the requirements for service upon a corporation outlined by section 415.20(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8002-MWF (MARx)                Date:  August 1, 2023
Title:        KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

Oklahoma, however, allows a plaintiff to serve process by mail. Okla. Stat. tit. 12, § 2004(C)(2). Proper service by mail requires a copy of the summons and complaint be sent by certified mail, "return receipt requested and delivery restricted to the addressee." *Id.* § 2004(C)(2)(b). If the party being served is a corporation, the return receipt must be signed by an officer, managing agent, or other agent authorized to receive service. *Id.* § 2004(C)(2)(c). The Corrected Proof of Service does not indicate what documents were mailed to Defendant. (*See* Corrected Proof of Service at 2). Moreover, while the return receipt is signed by Pierce Burnes, there is no indication whether Mr. Burnes is an individual authorized to accept service on behalf of Defendant. (*Id.*). Therefore, the Corrected Proof of Service does not provide enough information to satisfy the Court that service was proper under Oklahoma law.

However, "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *see also Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1047 (N.D. Cal. 2010) ("[D]efendant[] acknowledged receipt of service of the complaint, and waived any objection to such service, when they filed the Answer."). In *Dr. JKL*, the court held that the "overt act" of filing an answer waived a challenge to personal jurisdiction and the adequacy of service despite the court also striking the Answer as procedurally improper. *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1047–48. Here, any challenge to the adequacy of service Defendant may have raised was waived by its act of answering the complaint. Therefore, despite service likely being improper and the Corrected Proof of Service being inadequate, Defendant had notice of this lawsuit and ample time to mount a defense.

As a matter of discretion, the Court also requires that a plaintiff serve an application for default judgment on the relevant defendant(s). The Court does not require service under Federal Rule of Civil Procedure 4 but does require that the service is reasonably likely to provide notice to the defendant(s).

Plaintiff's counsel filed a declaration stating that the "motion for default judgment papers were served upon Four Elements Supply on July 6, 2023, more than 28 days before the hearing on this motion, via certified mail." (Declaration of Brandon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.**  CV 21-8002-MWF (MARx)         **Date:**  August 1, 2023
**Title:**       KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

J. Leavitt in Support of Motion for Default Judgment ("Leavitt Decl.") (Docket No. 216-2) ¶ 4).  Defendant also filed a Proof of Service indicating that a copy of the Motion for Default Judgment was sent via first-class mail to Defendant at 11842 S 33rd W Ave Ste D, Sapupla, OK 74065.  (Leavitt Decl., Exhibit C (Proof of Service) (Docket No. 216-5)).  Additionally, Defendant has appeared in the matter in a pro se capacity, and thus should be receiving copies of all documents filed on the docket via email.  (*See* OSC at 1).  The Court is therefore satisfied that Defendant has been served with, and has notice of, the Motion and related papers.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  Having reviewed the filings in this action, the Court determines that all four procedural requirements of Local Rule 55-1 are met: (1) the Clerk entered default against Defendant on May 25, 2023, (Default by Clerk (Docket No. 185)); (2) Defendant failed to respond to the OSC and subsequently failed to respond to the Complaint after the Court struck the initial Answer (Order Striking Answer (Docket No. 183)); (3) Defendant is a corporate entity, so is neither an infant nor an incompetent person; and (4) Defendant is not serving in the military and thus the Service Members Civil Relief Act does not apply.

Accordingly, Plaintiff has satisfied the procedural requirements for obtaining entry of a default judgment against the Defendant.

### B.    Substantive Requirements

The Ninth Circuit has determined that a court should consider seven discretionary factors before rendering a decision on motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8002-MWF (MARx)                    Date:  August 1, 2023
Title:     KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

The Court determines the *Eitel* factors weigh against granting the Motion.

### 1. Possibility of Prejudice

The first factor asks the Court to consider if prejudice to the plaintiff would occur without the default judgment, e.g., where there is no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). This factor weighs against default judgment because, as discussed more below, it is unclear whether Plaintiff is entitled to recovery against Defendant. Defendants' failure to answer the Fourth Amended Complaint constitutes an admission as to the allegations contained in the Fourth Amended Complaint; therefore, the Court must accept the allegations in the Fourth Amended Complaint as true. *See id.* at 500. However, those allegations alone, even if taken as true, do not entitle Plaintiff to relief.

### 2. Merits and Sufficiency

With respect to the second and third *Eitel* factors, the Court must determine whether Plaintiff's claims are adequately pled and have substantive merit. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[C]laims [that] are legally insufficient . . . are not established by default."); *Philip Morris*, 219 F.R.D. at 499 ("The second two *Eitel* factors require that a plaintiff state a claim on which the [plaintiff] may recover.") (citation and internal quotation marks omitted). Plaintiff has alleged five causes of action: (1) trademark infringement and counterfeiting in violation of the Lanham Act (15 U.S.C. § 1114); (2) unfair competition in violation of the Lanham Act (15 U.S.C. § 1125(a)); (3) common law trademark infringement under the laws of California and Texas; (4) common law unfair competition under the laws of California and Texas; and (5) common law civil conspiracy. (*See* Fourth Amended Complaint at 21–25). Even taking the allegations in the Fourth Amended Complaint as true, and the allegations are not sufficient to entitle Plaintiff to relief from Defendant. Therefore, the second and third *Eitel* factors do not favor default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8002-MWF (MARx)			Date:  August 1, 2023
Title:	KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

### a. Trademark Infringement and Unfair Competition

Plaintiff has asserted claims for trademark infringement and unfair competition under the federal Lanham Act, California common law, and Texas common law. (Fourth Amended Complaint at 21–25).

Plaintiff's claims for trademark infringement and counterfeiting under § 1114 and for unfair competition under § 1125(a) can be analyzed under the same test because the crux of both claims is whether Defendant's conduct caused consumer confusion. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008). (citation omitted). Moreover, the federal statutory and state common law infringement and unfair competition claims require the same analysis. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (holding that California common law unfair competition claims are "substantially congruent" to those made under the Lanham Act); *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) ("A trademark infringement and unfair competition action under Texas common law presents essentially no difference in issues than those under federal trademark infringement actions.") (citations and internal quotation marks omitted); *Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*, No. CV 20-02416-JAK (PLAx), 2020 WL 12762735, at *7 (C.D. Cal. Nov. 9, 2020) ("The tests for infringement of a federally registered mark under [the Lanham Act] [and] infringement of a common law trademark . . . are the same.") (citation omitted). Therefore, the Court need only assess the viability of the federal trademark infringement claim to determine whether Claims I–VI are sufficiently pled.

To succeed on its federal trademark infringement claim, Plaintiff must show that (1) it has a protected ownership interest in the Marks, and (2) Defendant's unauthorized use of Plaintiff's Marks is likely to cause consumer confusion. *See Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1171, 1178 (9th Cir. 1988).

Plaintiff has adequately alleged that it owns the Marks. (*See* Fourth Amended Complaint at 20–21) (describing the federally registered "WeightMax" mark and the common law marks). Plaintiff has provided images of the marks and the registration information. (*Id.*). Therefore, Plaintiff has provided sufficient prima facie evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 21-8002-MWF (MARx)     **Date:** August 1, 2023
**Title:** KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

that at least the registered mark is protected. *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) (noting that registration of a mark "constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services specified in the registration").

However, Plaintiff has provided no information regarding Defendant's use of Plaintiff's Marks and any consumer confusion. There are no photographs or descriptions of the supposedly infringing products in the Fourth Amended Complaint. Instead, Plaintiff relies on the conclusory allegations that Defendant has "adopted not only the Marks, but also used nearly identical counterfeit(s)" and that use is "likely to cause confusion, mistake, or deception among consumers, the public, or trade." (*Id.* at 19, 22). Likelihood of confusion is typically determined by an eight-factor balancing test laid out in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–54 (9th Cir. 1979). Plaintiff omits this rigorous analysis and simply cites the Fourth Amended Complaint's conclusory statement that there has been confusion in the marketplace because of Defendant's use of Plaintiff's Marks. (*See* Motion ¶ 32). This falls far short of the necessary showing that there has been consumer confusion. Therefore, the allegations in the Fourth Amended Complaint are insufficient to support Plaintiff's Lanham Act trademark infringement claim.

Plaintiff does provide a bit more detail regarding Defendant's conduct in the Motion, but still falls short of its burden. (*See* Motion ¶¶ 13–16). Plaintiff alleges that it hired a private investigator who went to Defendant's store, took pictures of "multiple counterfeit Weightmax fertilizer buckets for sale" and subsequently confirmed that Defendant was selling Weightmax fertilizer. (*Id.* ¶¶ 13–14). Plaintiff attached those images to the Motion. (Leavitt Decl., Exhibit B (Email Attaching Photographs) (Docket No. 216-4)). However, even accepting these additional allegations as true, they do not cure the deficiencies with the consumer confusion element of the trademark infringement claim. Moreover, these allegations do not foreclose the possibility that Defendant was simply reselling genuine trademarked products. This is important because if that is what Defendant is doing, then there is no Lanham Act violation. *See NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (explaining that the sale of a genuine trademarked product by an unauthorized seller is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-8002-MWF (MARx) | Date: August 1, 2023 |
| Title: | KY Home & Garden, LLC v. Am. Seechange, Inc., et al. |

not a Lanham Act violation). Therefore, even with the additional factual allegations provided in the Motion, Plaintiff has still not met its pleading burden.

The Court also notes that it is unclear to what extent Plaintiff is pursuing a counterfeiting claim. An adequately pled counterfeiting claim includes allegations that Defendant used a non-genuine mark identical to or substantially indistinguishable from Plaintiff's registered, genuine mark, where Plaintiff's genuine mark was registered for use on the same goods to which Defendant applied the non-genuine mark. *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011). There are no facts alleged that would support such a theory. The Fourth Amended Complaint contains no photographs or descriptions of the marks used by Defendant, so there is no way for the Court to assess whether they are identical to or substantially indistinguishable from Plaintiff's Marks. The conclusory description of the marks used by Defendant as "counterfeit(s)" or "counterfeited" does not satisfy Plaintiff's pleading burden. (*See* Fourth Amended Complaint ¶¶ 101, 120).

Therefore, Plaintiff has not plead sufficient facts to sustain its trademark infringement and counterfeiting claim under the Lanham Act. Since the analysis for the other Lanham Act claims and common law infringement and unfair competition claims is the same, those claims also fail.

### b. Common Law Conspiracy

A civil conspiracy under California common law requires (1) the formation and operation of the conspiracy; (2) a wrongful act done in furtherance of the common design that causes (3) damages to Plaintiff. *Doctors' Co. v. Superior Ct.*, 49 Cal. 3d 39, 44 (1989).

Plaintiff falls far short of meeting its pleading burden. The Fourth Amended Complaint is entirely bereft of factual allegations supporting the claim and instead relies exclusively on conclusory statements. (*See* Fourth Amended Complaint at 25 ("Defendants' respective actions involved two or more people selling infringing fertilizer products. Defendants' respective actions were the result of an agreement between these two or more people to act together. Defendant's [sic] respective actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8002-MWF (MARx)           Date:  August 1, 2023
Title:    KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

were made with the intention to accomplish an unlawful goal with the purpose of harming another. Defendants' respective actions resulted in damages."). When assessing the sufficiency of the allegations in a complaint, the Court is not obligated to accept unsupported allegations that merely track the language of the offense as true or admitted. *See Benny*, 799 F.2d at 495 ("**Well-pleaded** allegations are taken as admitted on a default judgment.") (emphasis added).

Plaintiff's barebones allegations contain no facts describing the conspiracy, who was involved, or what actions were taken in furtherance of the conspiracy. There are eighteen defendants named in the Fourth Amended Complaint and Count VII is levied against each one. (Fourth Amended Complaint at 1–2, 25). Was each Defendant involved in the same conspiracy or was each Defendant engaged in a separate conspiracy? What actions did each Defendant perform in furtherance of the conspiracy? How was Plaintiff damaged by those actions? Without any allegations answering these fairly basic questions, the Fourth Amended Complaint fails to sufficiently plead a common law conspiracy.

Because none of Plaintiffs' claims against Defendant are well-plead, the second and third *Eitel* factors weigh strongly against a default judgment.

### 3.    Amount in Dispute

The fourth factor requires the Court to assess if the recovery Plaintiff seeks is proportional to the harm caused by Defendant. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, Plaintiff seeks injunctive relief, treble damages, and statutory damages. (Fourth Amended Complaint at 26–27). Plaintiff asserts that is seeking $200,000 in statutory damages. (Motion ¶ 41).

Again, the lack of substantive factual allegations in the Fourth Amended Complaint makes this analysis challenging. The conclusory allegations that are levied against Defendant leave the Court without a clear picture of what Defendant's conduct actually entailed. For example, there are no allegations regarding the amount of infringing products Defendant sold, the financial gain Defendant received from its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8002-MWF (MARx)　　　Date:  August 1, 2023
Title:　　KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

---

conduct, or the financial and reputational impact that the conduct has had on Plaintiff. Simply stating that Defendant has "made substantial profits and/or gains to which it is not entitled," has "damaged, or is likely to damage, Plaintiff's reputation or goodwill," and that Plaintiff has "been and will continue to be harmed and damaged" by Defendant's conduct does not, on its own, justify $200,000 in statutory damages. (Fourth Amended Complaint at 19). Plaintiff supports its statutory damages request in part because "infringement is widespread in California and widespread in the fertilizer industry" and "many defendants in this case appear to be closely affiliated or share the same manufacturer or sales reps." (Motion ¶ 44). It is unclear to the Court how supposed widespread infringement in California or that "many" defendants share a same manufacturer or sales representative would impact the damages owed by Defendant, an Oklahoma company. Plaintiff has not alleged that Defendant operates in California, and has only ever served Defendant at Oklahoma addresses. Therefore, without further details describing Defendant's conduct, the Court cannot determine whether $200,000 in statutory damages is proportional.

Because the Court is unable to perform a meaningful comparison between Defendant's supposed conduct and Plaintiff's claimed damages, this factor weighs against default judgment.

### 4.　　Possibility of Factual Dispute

On the fifth factor, the possibility of dispute, Defendant has shown an intent to participate in this action and defend itself against Plaintiff's claims. While the Answer was stricken, the act of attempting to file an Answer which refuted each of Plaintiff's allegations demonstrates a significant likelihood that there may be a material dispute of fact. Moreover, as previously discussed, Plaintiff's conclusory allegations do not need to be accepted as true despite Defendant's default. *See Benny*, 799 F.2d at 495. This factor thus disfavors default judgment.

### 5.　　Excusable Neglect

There is no indication of excusable neglect here. While the Court is not convinced that service was proper, Defendant is undoubtedly aware of the pendency of

Case 2:21-cv-08002-MWF-MAR   Document 217   Filed 08/01/23   Page 13 of 14   Page ID #:1367

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 21-8002-MWF (MARx)                    Date:  August 1, 2023
Title:      KY Home & Garden, LLC v. Am. Seechange, Inc., et al.

this action given that it attempted to file an Answer.  *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer.").  Defendant certainly has actual notice of this action because it attempted to file an Answer.  Additionally, the Court is satisfied that Defendant is aware of the instant Motion given Plaintiff's counsel's declaration and the fact that Defendant should be receiving copies of all filings made in the case through the Court's electronic filing system.  Accordingly, the likelihood that default is the result of excusable neglect is remote.  This factor favors default judgment.  *See Philip Morris*, 219 F.R.D. at 501.

### 6. Policy Favoring Decision on the Merits

There is a strong preference for adjudicating cases on the merits.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citing *Eitel*, 782 F.2d at 1472).  Ordinarily, Defendant's failure to answer Plaintiff's complaint "makes decision on the merits impractical, if not impossible."  *Id.*  Here, Defendant at least has made an effort to attempt to engage in the lawsuit by filing its Answer.  However, that Answer was stricken because of Defendant's failure to retain counsel.  Since filing their Answer, Defendant has made no other filings or otherwise indicated it intends to participate in this lawsuit.  Therefore, this factor slightly weighs in favor of default judgement because it is unlikely a decision on the merits can be reached without Defendant's participation.  *See Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (concluding that the defendants' "failure to comply with the judicial process" rendered a "decision on the merits likely impossible").

On balance, the Court determines the *Eitel* factors, particular the merit and sufficiency of Plaintiff's claims, weigh against granting the Motion.

### III. CONCLUSION

For the foregoing reasons, the Motion is **DENIED *without prejudice***.

The Court notes that many of the allegations discussed above are identical to allegations pertaining to other defendants.  To the extent Plaintiff seeks to remedy the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-8002-MWF (MARx) | **Date:** August 1, 2023 |
| **Title:** KY Home & Garden, LLC v. Am. Seechange, Inc., et al. | |

errors and deficiencies noted above as to Defendant Four Elements Grow Supply, Plaintiff is encouraged to make similar corrections as to other defendants.

IT IS SO ORDERED.